IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED JUN 7 2012
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:12CR038 |
| ) | |
| OTASOWIE CHRISTOPER ASUEN, ) | |
| ) | |
| Defendant. ) | |

### AMENDED CONSENT ORDER OF FORFEITURE

WHEREAS, on June 6, 2012, the defendant, OTASOWIE CHRISTOPHER ASUEN, pled guilty to Count 2 of the Indictment, charging conspiracy to travel/use interstate facilities in aid of racketeering enterprises (prostitution), in violation of Title 18, United States Code, Sections 1952(a)(1) & 1952(a)(3) and 371, and also pled guilty to a Criminal Information charging him with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h), and agreed to the entry of a money judgment against him in the amount of $727,193.00;

WHEREAS, the Indictment included a Forfeiture Notice, wherein the defendant was noticed that if convicted of interstate travel and use of interstate facilities in aid of racketeering enterprises counts, the defendant shall forfeit all property, real or personal, which constitutes or is derived from proceeds traceable to such violations, or substitute assets thereof, including but not limited to a sum of money equal to $4 million in United States currency, representing the amount of proceeds obtained as a result of prostitution, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p);

WHEREAS, defendant Asuen obtained $727,193.00 from his participation in the conspiracy to travel/use interstate facilities in aid of prostitution and money laundering, an amount for which he will be solely liable;

AND WHEREAS, the defendant agrees to waive the provisions of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2 (b)(4) and 43(a) with respect to notice in the Criminal Information that the government will seek forfeiture as part of any sentence in this case, and that entry of this order shall be made a part of the sentence, in or out of the presence of the defendant, and included in the Judgment in this case without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The United States of America shall have a money judgment, pursuant to Fed. R. Crim. P. 32.2(b)(1) and 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1), against defendant Otasowie Christopher Asuen in the sum of $727,193.00, the amount that defendant Asuen obtained from his participation in the conspiracy to travel/use interstate facilities in aid of racketeering enterprises, and his money laundering violation, the offenses of conviction, and an amount for which defendant Asuen shall be solely liable.

2. In full or partial satisfaction of the $727,193.00 money judgment, defendant Asuen shall forfeit the following as substitute assets, pursuant to 21 U.S.C. § 853(p):

(a) One 2007 Aston Martin Vantage Gray, VIN SCFBF03B37GC05824, seized in Miami, Florida, pursuant to the execution of a seizure warrant issued by this Court;

(b) The following assets seized on January 26, 2012, from the residence of defendant Asuen in Washington, D.C., pursuant to the execution of a search warrant issued by this Court:

(i) Man's Hublot Limited Edition Aryton Senna Watch;

(ii) Man's Cartier Santos 100 Watch, model no. W20200005;

(iii) Man's Audemars Pituet Royal Oak Offshore Watch, model no. 13346698883;

(iv) Men's Christian Audigier Watch, model no. FOR-203;

(v) Men's TW Steel Renault F-1 Watch;

(vi) Men's Breitling 1884 for Bentley Watch, model no. A13362

(vii) A total of $1,615.76 U.S. currency; and

(viii) The following foreign currency to be converted into an approximate total of $5,204.34 U.S. currency: 200 Nigerian Naira; 175,011 Renmia Yinhang; 50 Hong Kong Dollars; 200 UAE Dirham; 570 Indian Rupees; and 5,820,000 Iraqi Dinars

3. The Attorney General or a designee is hereby authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by defendant Asuen or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(g).

4. The United States shall publish notice of this order and of its intent to dispose of the property one time in such manner as the Attorney General may direct, and to include publication on the government's Internet site, www.forfeiture.gov, and to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(1) & (2).

5. This Consent Order of Forfeiture is final as to defendant Asuen, and it shall be made part of his sentence and included in the Judgment in this case pursuant to Fed. R. Crim. P. 32.2(b)(4) and 21 U.S.C. § 853(a).

6. Any person, other than defendant Asuen, asserting any legal interest in the property may, within thirty (30) days of the final publication of notice or his receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest in the property pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2).

7. If no third party files a timely petition or if this Court denies and/or dismisses all third party petitions timely filed, this Consent Order shall become the Final Order of Forfeiture, and the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(7).

8. If this Court grants any third party rights, a Final Order of Forfeiture that amends this Consent Order as necessary to account for said third party rights, shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6).

Date: June 6th, 2012.

WE ASK FOR THIS:

Neil H. MacBride
United States Attorney

By: *(signature)*
Kimberly R. Pedersen
Assistant United States Attorney
Patricia Haynes
Assistant United States Attorney

*(signature)*
Otasowie Christopher Asuen
Defendant

*(signature)*
Nina J. Ginsberg
Counsel for the Defendant

SO ORDERED
6/7/12

/s/ *(signature)*
Liam O'Grady
United States District Judge

5